CHARLES L. POND AS RECEIVER, ETC., OF ELISHA COMSTOCK, APPELLANT, v. ABIJAH COMSTOCK, IMPLEADED, ETC., RESPONDENT.

*Assignment to defraud creditors — when an assignee, accepting the same in good faith, is protected as to moneys advanced in consideration thereof.*

A father made an assignment of all his property to his son, in consideration that the latter should pay four debts specified therein and support the grantor's wife during her natural life. The conveyance was made by the father

with intent to defraud his creditors, but was accepted by the son in good faith, with the desire to prevent his father from squandering the property, and in the belief that the debts named were all his father owed. On subsequently learning of the existence of other debts, the son paid some of them, in pursuance of an agreement with his father, by which he was to have a lien upon the property for the amounts so advanced by him.

In this action, brought by a receiver appointed in proceedings supplementary to execution, to set aside the conveyance as fraudulent, *held*, that the son was properly allowed the amounts advanced by him in paying the debts of his father existing at the time of the assignment.

APPEAL by the plaintiff from a judgment adjudging an assignment made by one Elisha Comstock to the defendant, Abijah Comstock, to be fraudulent and void as to the former's creditors, and allowing to said Abijah Comstock certain payments made by him. The judgment was entered upon the trial of this action by the court without a jury.

*A. Pond*, for the appellant.

*Nathaniel C. Moak*, for the respondent, Abijah Comstock.

LEARNED, P. J. :

Elisha Comstock, in 1875, made an assignment of all his property to his son, Abijah Comstock, in consideration that he would pay four debts specified therein, and would provide for the support of Susan, the wife of Elisha, during her life. The learned justice who tried the cause finds that this was executed by Elisha with intent to defraud his creditors ; but he finds that it was not executed or accepted by Abijah with intent to hinder, delay or defraud the creditors of Elisha, but honestly and in good faith, and in the belief that the debts therein specified were all which Elisha owed, and with the desire to protect the property of his father from being squandered, owing to his father's habits of drunkenness.

After the execution of the contract, Abijah paid the debts specified therein.

In January or February, 1876, Abijah first learned that his father owed some other debts, and from time to time he learned of others. Thereupon his father agreed that, if Abijah paid such

other debts, he should have a lien therefor on the property so transferred to him as aforesaid. Under this arrangement Abijah, from time to time, paid creditors of his father, who were such when the assignment was made.

Subsequently the plaintiff was appointed receiver in proceedings supplementary, taken on a judgment against Elisha Comstock, and brought this action to set aside the conveyance to Abijah as fraudulent, and for further relief thereon. In the decision of the court below, Abijah was allowed credit for the debts of Elisha paid by him ; and it was also held that, from the avails of the assigned property, Abijah should be repaid whatever he had paid of debts of Elisha, over his receipts from such property. The plaintiff, on this appeal, claims that Abijah should not be allowed for any money paid by him to creditors of Elisha.

The important circumstance on this point is, that Abijah, in accepting the transfer, was not a party to any actual, fraudulent intent. He took it in good faith ; and he is entitled, therefore, to the protection which good faith gives. One who knowingly combines with a debtor to place the debtor's property beyond the reach of creditors is entitled to no favor. One who in good faith, and for an honest purpose, receives a conveyance, which proves to have been made with fraudulent intent on the grantor's part, is only bound to restore to the grantor's creditors what he has received.

If Abijah, on learning of the existence of other creditors of Elisha, had taken the property, which equitably belonged to them, and which had thus come to him, and had applied it to the satisfaction of their claims he would have been acting honestly and lawfully. He would have been applying Elisha's property to the payment of Elisha's debts. He would have done voluntarily what the court would have compelled him to do. And no one can complain that this would have been unjust. If he had paid one creditor of Elisha before he paid another that would have been doing only what Elisha might have done. The creditors had no legal liens on the property.

This is what Abijah practically did when, with his own money, he paid debts of Elisha existing at the time of making the assignment. He made these payments on the security of the property

which he had in his hands from Elisha, and with Elisha's consent. And the present plaintiff is no worse off, under the ruling of the court below, than he would have been if Abijah had directly applied the property to the payment of the debts, instead of paying the debts himself and charging the amount against the property. The plaintiff is entitled to have such of Elisha's property remaining in Abijah's hands applied to his debt as has not been directly or indirectly applied to other debts of Elisha. And that is the extent of the plaintiff's just claim. That is what was given to him when the court below adjudged that he should have the avails of that property, after first reimbursing Abijah therefrom, for the debts of Elisha paid by him.

On the question of fact, that Abijah took the transfer in actual good faith and with good motives, there is no doubt upon the evidence. That his payment of debts which he discovered were in existence at the execution of the transfer, not named therein, was also in good faith we are satisfied.

The judgment should be affirmed, with costs.

Present — LEARNED, P. J., BOARDMAN and BOCKES, JJ.

Judgment affirmed, with costs.